**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| ASPEN INSURANCE HOLDINGS LIMITED, GLYN JONES, CHRIS O'KANE, ALBERT BEER, MATTHEW BOTEIN, JOHN CAVOORES, GARY GREGG, HEIDI HUTTER, GORDON IRELAND, KARL MAYR, BRET PEARLMAN, and RON PRESSMAN, | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on August 28, 2018 (the "Proposed Transaction"), pursuant to which Aspen Insurance Holdings Limited ("Aspen" or the "Company") will be acquired by affiliates of Apollo Global Management, LLC ("Apollo").

2.      On August 28, 2018, Aspen's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Highlands Holdings, Ltd. and Highlands Merger Sub, Ltd.  Pursuant to the terms of the Merger Agreement, shareholders of Aspen will receive $42.75 in cash for each share of Aspen common stock.

3.      On November 6, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for December 10, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Aspen common stock.

9.      Defendant Aspen is a Bermuda exempted company with offices located at 590 Madison Avenue, 7th Floor, New York, NY 10022.  Aspen's common stock is traded on the NYSE

under the ticker symbol "AHL."

10.     Defendant Glyn Jones is Chairman of the Board of the Company.

11.     Defendant Chris O'Kane is Group Chief Executive Officer and a director of the Company.

12.     Defendant Albert Beer is a director of the Company.

13.     Defendant Matthew Botein is a director of the Company.

14.     Defendant John Cavoores is a director of the Company.

15.     Defendant Gary Gregg is a director of the Company.

16.     Defendant Heidi Hutter is a director of the Company.

17.     Defendant Gordon Ireland is a director of the Company.

18.     Defendant Karl Mayr is a director of the Company.

19.     Defendant Bret Pearlman is a director of the Company.

20.     Defendant Ron Pressman is a director of the Company.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Aspen (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of August 24, 2018, there were approximately 59,692,594 shares of Aspen common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout

the country.

25.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29.     Aspen was founded in 2002 and is a leading global specialty insurance and reinsurance company.  The Company specializes in providing customized underwriting solutions to clients and brokers.  Aspen reported assets of $13 billion at the year ended December 31, 2017 and has employees across nine countries.

30.     On August 28, 2018, Aspen's Board caused the Company to enter into the Merger Agreement.

31.     Pursuant to the terms of the Merger Agreement, shareholders of Aspen will receive $42.75 in cash for each share of Aspen common stock.

32.     According to the press release announcing the Proposed Transaction:

> Affiliates of certain investment funds managed by affiliates of Apollo Global Management, LLC, a leading global alternative investment manager and Aspen Insurance Holdings Limited announced today that they have entered into a definitive agreement under which Aspen will be acquired by the Apollo Funds.

> Under the terms of the agreement, which has been approved by Aspen's Board of Directors, the Apollo Funds will acquire all of the outstanding shares of Aspen for $42.75 per share in cash, representing an equity value of approximately $2.6 billion. . . .

> Additional Transaction Details

> The transaction is expected to close in the first half of 2019, subject to approval of regulators and Aspen's shareholders and the satisfaction of other closing conditions. Consummation of the transaction is not subject to any financing contingencies. Upon completion of the transaction, Aspen will be a privately held portfolio company of the Apollo Funds and Aspen's ordinary shares will no longer be listed on the New York Stock Exchange.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

33.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

34.     The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for December 10, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

35.     The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman") and J.P. Morgan Securities LLC ("J.P. Morgan").

36.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose the individual inputs and assumptions underlying the discount rate of 7.27%.

37.     With respect to Goldman's *Premia Paid Analysis*, the Proxy Statement fails to disclose the transactions observed by Goldman in the analysis as well as the premiums paid in such transactions.

38.     With respect to Goldman's *Dividend Discount Analysis*, the Proxy Statement fails to disclose: (i) the range of terminal values for Aspen; (ii) the inputs and assumptions underlying the range of discount rates from 6.73% to 7.81%; and (iii) the fully diluted shares outstanding as provided by Aspen's management.

39.     With respect to J.P. Morgan's *Dividend Discount Analysis*, the Proxy Statement fails to disclose: (i) the estimated terminal value for Aspen; (ii) the inputs and assumptions underlying the terminal growth rate of 1.00%-2.00% and the cost of equity range of 7.00-8.00%; and (iii) the fully diluted shares outstanding as provided by Aspen's management.

40.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Board of Directors; Fairness of the Merger; (iii) Opinion of Aspen's Financial Advisor (Goldman Sachs); (iv) Opinion of Aspen's Financial Advisor (J.P. Morgan); and (v) Certain Aspen Prospective Financial Information.

42.   The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aspen**

43.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.   The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Aspen is liable as the issuer of these statements.

45.   The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46.   The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47.   The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48.   The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49.   By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and

7

Rule 14a-9 promulgated thereunder.

50.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Aspen within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Aspen and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  November 9, 2018

**RIGRODSKY & LONG, P.A.**

By:  */s/ Timothy J. MacFall*

Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
tjm@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800
rm@maniskas.com

Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310
gms@rl-legal.com

*Attorneys for Plaintiff*